# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MOANA SCHIAVO,**

        **Plaintiff,**

**-vs-**                               **Case No. 6:06-cv-1308-Orl-28JGG**

**HOMESTAR FUNDING CORP., NABIL DAJANI,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **JOINT MOTION TO DISMISS COUNT I OF COMPLAINT (Doc. No. 25)**
>
> **FILED:**     **March 29, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the case be **REMANDED** to the state court for lack of subject matter jurisdiction.

## I. PROCEDURAL HISTORY

    Plaintiff, Moana Schiavo, filed a two-count complaint against Defendants Homestar Funding Corp. and Nabil Dajani in state court. Docket 2. Count I of Schiavo's complaint alleged that Defendants violated the Fair Labor Standard Act ("FLSA") by failing to pay her overtime compensation. Count II of Schiavo's complaint alleged that Homestar Funding breached an oral contract with her to pay her wages owed under the agreement. Defendants removed the case to federal

court on the sole basis of federal question jurisdiction based on the FLSA claim. Docket 1 at ¶ 8. Defendants then answered the complaint and counterclaimed against Schiavo for breach of oral contract. Docket 12.

On February 19, 2007, the assigned mediator in the case reported to the Court that the case had settled completely. Docket 22. On March 20, 2007, the Court ordered the parties to submit the terms of the settlement within eleven days. Docket 23. On March 29, 2007, the parties filed a joint motion to dismiss Count I of the complaint as Plaintiff had determined there was no FLSA violation. Docket 24 at ¶ 8.

On April 9, 2007, the Court ordered the parties to file a joint statement addressing the apparent discrepancy between the mediation report and their Joint Stipulation. Docket 25. The parties also were ordered to state the basis for the Court's jurisdiction over the breach of contract claim if Plaintiff intended to pursue that claim in federal court. On April 23, 2007, the parties filed their Joint Response to the Court's order. Docket 26. The parties confirmed that the case had been completely settled. Docket 26 at ¶ 5. As to Plaintiff's breach of contract claim, the parties state that they agreed to set up a process to determine the amount owed to Plaintiff. Docket 26 at ¶ 1. The parties further state that the process of determining Plaintiff's damages claims has taken longer than anticipated, and that they intend to file a dismissal of Count II after the damages are determined. Docket 26 at ¶ 5. The parties did not address the basis of continuing jurisdiction of the state law breach of contract claims.

## II. ANALYSIS

The only federal claim alleged in the case was Plaintiff's FLSA claim. Plaintiff resides in Orange County, Florida. Docket 1, Civil Cover Sheet. Homestar Funding is a Florida corporation. Docket 2, ¶ 5; Docket 12, ¶ 5. The parties do not provide information regarding Defendant Nabil

Dajani's citizenship for purposes of assessing diversity jurisdiction. As the sole basis for removal of the action from state court was the existence of a federal question, and the parties fail to respond to the Court's request for the jurisdictional basis to retain jurisdiction of the breach of contract claim, the Court concludes that Plaintiff's FLSA claim was the sole basis for this Court's jurisdiction.

Plaintiff now concedes that she does not have an FLSA claim. The case, therefore, was improvidently removed. The removal statute provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." 28 U.S.C. § 1447(c) (emphasis added). Plaintiff's admission that she does not have an FLSA claims strips the Court of subject matter jurisdiction. The Court, therefore, lacks jurisdiction to rule on the motion.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **REMAND** the action to the state court for lack of subject matter jurisdiction; and

2. The Court close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 26, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable John Antoon, II